IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DARREL REECE HUNTER, PRO SE, | § | |
| Plaintiff, | § | |
| v. | § | 2:08-CV-0232 |
| U.S. SUPREME COURT, | § | |
| BARACK H. OBAMA, | § | |
| JOHN McCAIN, | § | |
| DEMOCRATIC NAT. COM., | § | |
| REPUBLICAN NAT. COM., | § | |
| U.S. CONGRESS - HOUSE, | § | |
| U.S. CONGRESS - SENATE, | § | |
| U.S. ELECTORAL COLLEGE (All 50 U.S. States), District of Columbia, | § | |
| FEDERAL ELECTION COMM. | § | |
| GEORGE H. W. BUSH, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff DARREL REECE HUNTER, acting pro se and proceeding in forma pauperis, has filed suit complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. On January 9, 2009, the Court issued an Order identifying various deficiencies and giving plaintiff until 4:00 p.m. of January 19, 2009, in which to respond and show cause why this case should not be dismissed. Plaintiff filed his response on January 15, 2009.

In light of plaintiff's pauper status, the Court is required to screen his complaint and dismiss it without service of process at any time the Court makes a determination of any of the factors set forth in Title 28, United States Code, section 1915(e)(2). The District Judge has

reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

To the extent plaintiff requests that this Court require any action by the U.S. SUPREME COURT, this Court does not have authority to do so.

As noted in the show cause order, plaintiff does not allege any cause of action against the remaining defendants, although he does request relief involving those defendants[1]. By his January 15, 2009 response, plaintiff does not cure this defect and, therefore, has failed to state a claim against these defendants on which relief can be granted.

Additionally, having been alerted to the issue of standing by the Court's show cause order, plaintiff has utterly failed to show he has standing to sue for the relief he requests. To demonstrate standing, a party must show (1) he has suffered an injury in fact; (2) which has a causal connection to the defendant's conduct; and (3) that a favorable decision would be likely to redress the complained of injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An injury in fact must be "(a) concrete and particularized and (b) actual or imminent, nor conjectural or hypothetical." *Id.*

To show injury, plaintiff claims he was on the presidential primary ballot in one state and has filed with the FEC as a replacement candidate. Plaintiff does not plead he received a significant number of votes in that primary and does not state how he could have become the presidential nominee based upon the primary in a single state. Plaintiff appears to concede this

---

[1] Plaintiff also claims he has "been denied due to the lack of adequate money" which prevents him from paying the filing fee and hiring an attorney. Plaintiff does not state exactly what he has been denied. Plaintiff has been allowed to represent himself and proceed in forma pauperis in this Court and, therefore, has not been denied access to the courts by lack of funds.

point in his Response where he argues that "Hillary Clinton would most likely have been the DNC Presidential nominee, but who is to say [plaintiff] would not have been the VP for Clinton?" Plaintiff then references a May 23, 2000 letter from then-President Bill Clinton and a December 28, 2000 letter from then-First Lady Hillary Rodham Clinton thanking him for his letters to them. Nothing about these letters indicates any possibility that plaintiff could have been chosen or even considered as a running mate had Hillary Rodham Clinton been a nominee in the 2008 presidential campaign. Plaintiff's claim of harm fails because it is "conjectural or hypothetical," leaving plaintiff without standing to sue for the requested relief.

Plaintiff's failure to show standing leaves this Court without jurisdiction to consider this case and the case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## Conclusion

For all the reasons set forth above and pursuant to Title 28, United States Code, section 1915(e)(2), it is the conclusion of the United States District Judge that the Complaint filed by plaintiff DARREL REECE HUNTER should be, and hereby is, DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND FOR WANT OF JURISDICTION.

IT IS SO ORDERED.

ENTERED this 16th day of January, 2009.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE